IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PAUL W. WOODY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PWG-20-1896 |
| MARYLAND DIVISION OF CORRECTIONS, | * | |
| Defendant. | * | |

\*\*\*

**<u>MEMORANDUM OPINION</u>**

Plaintiff Paul W. Woody, who is representing himself in this suit, brings this civil action pursuant to 42 U.S.C. § 1983 against the Maryland Division of Corrections ("DOC"). Compl., ECF No. 1. Woody asserts a violation of his 14th Amendment due process rights arising from the Defendant's failure to transport him to his post-conviction hearing in Anne Arundel County Circuit Court on December 11, 2019. *Id.* at 3. Woody seeks monetary damages. *Id.*[1]

On September 25, 2020, Defendant filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 9.[2] Woody was informed by the Court, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that the failure to file a response in opposition to the Defendant's Motion could result in dismissal of the Complaint. ECF No. 11. Woody did not respond. A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that

---

[1] On July 28, 2020, this Court received and filed a document construed as a supplement to the Complaint. ECF No. 4. The supplement is nearly identical to the complaint. *See* ECF Nos. 1 and 4. Plaintiff also filed a Motion to Proceed in Forma Pauperis. ECF No. 5. Since plaintiff paid the filing fee upon filing his Complaint, the Motion to Proceed In Forma Pauperis will be denied as moot. *See* ECF 1-3.

[2] On September 28, 2020, Defendant supplemented the Motion with properly labeled exhibits. ECF No. 10.

follow, Defendant's Motion, construed as a motion for Summary Judgment,[3] shall be granted.

## Background

In an unverified Complaint filed on June 23, 2020, Woody claims that the DOC negligently failed to transport him to his post-conviction hearing thereby, violating his 14th Amendment right to due process. ECF No. 1 at 3. Woody states that his hearing was scheduled for December 19, 2020 at 1 p.m., in Anne Arundel County Circuit Court, in Annapolis, Maryland. *Id.* at 2-3. Woody was incarcerated at Western Correctional Institution ("WCI") in Cumberland, Maryland, at the time. ECF No. 1. Five days prior to the scheduled hearing, Woody claims he informed the officers at WCI of his hearing in Anne Arundel County and inquired why he was not being prepared to be transported. *Id.* at 2. On December 11, 2019, the date of the hearing, Woody says that he was called to the intercom and asked what court he was to attend. *Id.* at 3. He then called his mother, who informed him that she had heard of no changes in the hearing date. *Id*. Woody claims that a writ of habeas corpus was issued to secure his presence at the hearing. *Id*. at 2-3. In support, Woody submitted a December 12, 2019 letter from his post-conviction attorney, public defender Sara Klemm, in which she writes that she confirmed with the court that the writ was issued and that "[i]t appears that, for whatever reason, DOC did not process it." ECF No. 1-2. According to the letter, Woody's hearing was rescheduled to March 16, 2020. *Id*. Woody states that on March 16, 2020, he was transported to Anne Arundel County Circuit court for his hearing, only to learn that the Governor had postponed all court hearings due to the COVID-19 pandemic.[4] ECF No. 1 at 3.

---

[3] Because Defendant filed a motion titled "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment," along with documents in support, which was followed by the Court's letter pursuant to *Roseboro*, Woody was on notice that the Court could treat the motion as one for summary judgment and rule on that basis. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir. 1998).

[4] A search for Anne Arundel County Circuit Court case number 02-K-08-002084 in Maryland's online judiciary case search indicates that Woody may have finally had his hearing on May 17, 2021. *See* https://casesearch.courts.state.md.us, last visited on August 19, 2021. The court record further indicates that a memorandum opinion and order were issued on July 23, 2021; no further information was available. *Id*. According to

In response to Woody's claim that the DOC had received a writ of habeas corpus, Defendant submitted the declarations of Valerie D. Taylor, Writs Department Supervisor of the Department of Public Safety and Correctional Services, and Renee Emerick, Administrative Aide at WCI. ECF Nos. 10-1 and 10-2. Taylor declares that she "researched the records of writs received for Mr. Woody and found that the last writ of habeas corpus received for Mr. Woody was in March 2020. The prior entry was October 2019, which was postpone[d] . . . There was no writ of habeas corpus received for Mr. Woody to transport him to court on December 11, 2019." ECF 10-1 at 1. Emerick declares that her duties include reviewing all incoming mail and faxes addressed to the Warden. ECF 10-2. When she receives a writ, she "log[s] it in and forward it to our Traffic Office." *Id*. Emerick declares that she checked her log and "did not receive any writ or transfer order for Mr. Woody for the date of December 11, 2019, or for any date in December 2019." *Id*.

### Standards of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S.

---

the DOC Inmate Locator, Woody was still incarcerated at WCI as of August 19, 2021. *See* https://www.dpscs.state.md.us/services/inmate-locator.shtml (last visited August 19, 2021).

317, 322 (1986). In assessing the motion, the district court must view the facts in the light most favorable to the nonmoving party, "with all justifiable inferences" drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The court may rely only on facts supported in the record, not assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). A fact is "material" if it "might affect the outcome of the suit under the governing law," *Anderson*, 477 U.S. at 248, and a dispute of material fact is "genuine" only if there is sufficient evidence for the trier of fact to return a verdict for the nonmoving party. *Id.*

## Analysis

Section 1983 provides that a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983, however, "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *Wahi v. Charleston Area ed. Ctr.*, 562 F.3d 599, 615 (4th Cir. 2009).

Defendant DOC moves for dismissal of the claims against it or for summary judgment in its favor. ECF No. 9. In support of its Motion, Defendant argues that it is immune from suit pursuant to the 11th Amendment and that it is not a "person" within the meaning of 42 U.S.C. § 1983. ECF No. 9-2 at 4-5. Defendant further argues that Plaintiff has failed to exhaust his administrative remedies and has not set forth sufficient facts to establish a violation of his 14th Amendment rights. *Id.* at 5-9.

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and

departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents to be sued. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id*. (citing *Florida Dep't of Health v. Florida Nursing Home Ass'n,* 450 U.S. 147 (1981) (*per curiam*)). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in its own state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Halderman*, 465 U.S. at 100 (emphasis in original). Thus, Plaintiff's complaint against a State agency, the DOC, is barred by the Eleventh Amendment.[5] Furthermore, DOC is not a "person" amenable to suit under 42 U.S.C. § 1983. For purposes of § 1983, a "person" includes individuals and "bodies politic and corporate." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978); *see generally* 5 Charles Alan Wright, *et al*., Fed. Prac. & Proc. § 1230 (2002). State agencies and departments do not constitute a "person" within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989).[6]

   Defendant raises as an alternative to 11th Amendment immunity the affirmative defense

---

[5] In any event, when viewing the facts in the light most favorable to Plaintiff and assuming without deciding that the DOC, having received a properly issued writ, was at fault for failing to transport Woody to circuit court on December 11, 2019 thereby causing a substantial delay, Woody has not demonstrated any harm or alleged any facts to support how the DOC's actions or the delay violated his rights.

[6] While the named defendant is clearly entitled to dismissal of the claims against it, this Court is obliged to liberally construe self-represented pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Additionally, "pleadings should not be scrutinized with such technical nicety that a meritorious claim should be defeated, and even if the claim is insufficient in substance, it may be amended to achieve justice." *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791-92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)). Therefore, the Court will additionally consider the Complaint as if it were filed against appropriate individual parties (e.g., corrections officers) who would not be entitled to assert 11th Amendment immunity, or claim that they were not "persons" for purposes of analyzing a § 1983 claim.

that Plaintiff has failed to exhaust his administrative remedies. ECF No. 9-2 at 7-9. Because I have found that the DOC is entitled to Judgment on the basis of 11th Amendment immunity, I will consider the exhaustion defense as it would apply to any individual defendants. If Plaintiff's claims have not been properly presented through the administrative remedy procedure, they must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.

> The Prisoner Litigation Reform Act provides, in pertinent part:
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F. Supp. 2d 523, 527 (D. Md. 2003), *aff'd*, 98 F. App'x. 253 (4th Cir. 2004).

Although exhaustion under § 1997e(a) is not a jurisdictional prerequisite, the plaintiff must nonetheless exhaust before this Court will hear the claim. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.2d 674, 682 (4th Cir. 2005). The exhaustion requirement "allow[s] a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Bock*, 549 U.S. at 219. It is designed so that prisoners pursue administrative grievances until they

receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 286 F. Supp. 2d at 530.

Because the Court may not consider an unexhausted claim, *see Bock*, 549 U.S. at 220, in this very real sense, exhaustion prior to federal suit is mandatory. *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016). Therefore, a court ordinarily may not excuse a failure to exhaust. *Id.* at 1856 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Importantly, however, the court must ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Moreover, an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 136 S. Ct. at 1855. An administrative remedy is not "available" where the prisoner, "through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aquilar-Avellaveda*, 478 F. 3d at 1225); *Kaba*, 458 F.3d at 684.

Inmates housed at an institution operated by the Maryland Department of Public Safety and Correctional Services ("DPSCS") may avail themselves of the administrative grievance process which is designed for "inmate complaint resolution." *See generally* Md. Code (2008 Repl. Vol.), Correctional Services Article ("C.S."), §§ 10-201 *et seq.*; COMAR 12.07.01.01B(1) (defining ARP). If an ARP is filed and denied, the prisoner may appeal the denial within 30 days to the Commissioner of Correction. If the Commissioner of Correction denies the appeal, the prisoner may file a grievance with the IGO, also within 30 days. OPS.185.0002.05D; C.S. § 10-

206(a); C.S. § 10-210; COMAR 12.07.01.05B.  If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing.  C.S. § 10-207(b)(1); *see* COMAR 12.07.01.07B.  An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review.  C.S. § 10-207(b)(2)(ii).

Here, Plaintiff was aware of the administrative grievance process and submitted an ARP on January 14, 2020 stating that his rights were violated when he missed his court date.  ECF No. 9-5.  The receipt indicated that his hearing was postponed.  *Id*.  Plaintiff submitted a second ARP on January 25, 2020, wherein he stated that he wanted to appeal his last ARP because the hearing was not postponed and claimed that he had documentation that the writ was issued.  ECF No. 9-6.  He did not submit any documentation regarding the writ with the ARP.[7]  This ARP was dismissed on January 27, 2020, and Plaintiff was advised that he should follow the Inmate Appeal Procedure should he wish to appeal.  *Id*. at 3.

Defendant states that an appeal was not filed following the January 27, 2020, ARP decision.  ECF 9-2 at 9.  However, exhibits submitted with Plaintiff's Complaint show that he did, in fact, appeal or attempt to do so.  ECF 1-2 at 3-6.  Nonetheless, the appeal was not accepted by the Office of the Commissioner, because plaintiff did not specifically indicate which ARP he was appealing.  *See* ECF 1-2 at 2 (letter dated February 18, 2020, from the Division of Correction, Office of the Commissioner stating that the appeal will not be accepted for processing because "we are unable to determine your intent" and that "you failed to identify which complaint you are appealing. You sent one appeal form but two initial complaints . . . One complaint per appeal form."). As there is no indication that Plaintiff responded to the letter or otherwise pursued his appeal, it appears that

---

[7] With his Complaint, Plaintiff submitted the letter from his public defender stating that she verified issuance of the writ and informing him of his new court date.  ECF 1-2 at 1.  No other documentation is in the record.

he has not exhausted his administrative remedies.

Accordingly, to the extent that liberal construction of Plaintiff's pro se complaint supports interpreting it as intending also to include claims against individuals such as correctional officials, as opposed to the DOC, *supra* n. 6, the complaint is dismissed without prejudice for failure to exhaust because Mr. Woody has not received a final denial of his claims. *See* ECF No. 1-2 at 2. Prior to the passage of the PLRA, this Court was permitted to stay a prisoner case while administrative remedies were being exhausted. That option, however, is no longer available. "The current exhaustion provision differs markedly from its predecessor. Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Nussle*, 534 U.S. at 524. Accordingly, the complaint will be dismissed without prejudice[8] to allow complete exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e(a). Should he wish to do so, Plaintiff may re-file his action after fully exhausting his claims.

## Conclusion

Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment is granted, and summary judgment shall be entered in favor of the Defendant DOC, but any intended claims against State Correctional officials are dismissed without prejudice for failure to exhaust.

A separate Order follows.

8/23/21
Date

/s/
Paul W. Grimm
United States District Judge

---

[8] *See Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal without prejudice of prisoner's civil rights claim where exhaustion of administrative remedies was not completed); *see also Purdum v. Johns*, No. 5:10-CT-3183-D, 2011 WL 5117574, at *2 (E.D.N.C. Oct. 25, 2011) ("A dismissal without prejudice allows the prisoner an opportunity to exhaust the administrative process and then file a new suit, if the prisoner so chooses.").